**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA          *

v.                                *          **Case No. WDQ-14-0448**

RICHARD A. BLANK, JR.             *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MOTION TO SUPPRESS CELL PHONE EVIDENCE**

Defendant Richard A. Blank, by and through his undersigned counsel, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(3), to issue an order suppressing any and all evidence seized from his cell phone, which the government proposes to use as evidence against him at trial.  In support of this motion, Mr. Blank states the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Blank is charged in a three-count indictment with two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A.

The government alleges that Mr. Blank was involved in a sexual relationship with a fifteen-year-old girl, identified in the indictment as "Jane Doe," who was the daughter of Mr. Blank's then-wife.  According to the government, Mrs. Blank "harbored suspicions" about the relationship between her husband and Jane Doe.  Mrs. Blank therefore set up a hidden recording device, with audio and video recording capabilities, in Jane Doe's bedroom, in order to secretly gather evidence of the suspected sexual relationship.

1

Mrs. Blank placed the hidden camera, which was concealed inside a pen, in Jane Doe's room on May 30, 2014. She returned some hours later and retrieved the camera. Mrs. Blank discovered that the camera contained audio/video recordings of her husband engaged in sexual activity with Jane Doe. Three days later, on June 2, 2014, Mrs. Blank took the camera to the police. Officers with the Allegany County Combined Criminal Investigations ("C3I"), a joint state and local law enforcement task force, viewed the recorded footage and took custody of the recording device and its contents.

Officers with C3I interviewed Jane Doe about the contents of the recording on the same date. According to the government, Jane Doe confirmed that she had engaged in the recorded sexual acts with Mr. Blank. Jane Doe further stated that Mr. Blank took four nude photographs of her, using his cell phone camera, during the encounter.

Based on this information, C3I officers arrested Mr. Blank on the same day. Mr. Blank was arrested in his car near his home and transported to the Cumberland Police Department. Following his arrest, an officer drove Mr. Blank's vehicle from the street to the driveway of the Blank residence, where the officer parked it. Officers located Mr. Blank's cell phone inside his vehicle and seized it.

The C3I officers did not have a warrant for the seizure of Mr. Blank's cell phone. However, they subsequently applied for a warrant to search the contents of the seized phone, which was described as a black LGVX 11000 model. A warrant was issued on June 2, 2014, by the Honorable Timothy Finan of the Circuit Court for Allegany County. This warrant is herein referenced as the State Search Warrant. Pursuant to this warrant, C3I officers reviewed the contents of the cell phone seized from Mr. Blank's vehicle.

2

Federal law enforcement agents subsequently became involved in the investigation. On August 19, 2014, Special Agent Jeff Stewart of the Department of Homeland Security/Homeland Security Investigations ("HSI") applied for a federal warrant to search the contents of the seized cell phone as well as other seized electronic media.[1] A warrant was issued on the same day by the Honorable Beth P. Gesner, United States Magistrate Judge. This warrant is herein referenced as the Federal Search Warrant.

Pursuant to this warrant, SA Joe Mizell, a computer forensic examiner with HSI conducted a forensic examination of the seized cell phone. SA Mizell recovered from the phone two pornographic photographs, which the government alleges are photographs of Jane Doe. The government alleges that the photographs were taken by Mr. Blank during the sexual encounter that was surreptitiously recorded by Mrs. Blank. These two images are the basis for the pending criminal charges against Mr. Blank.

**ARGUMENT**

**I.**     **All Evidence Obtained From The Cell Phone Is Derivative Of The Unlawful Warrantless Seizure Of The Cell Phone And Should Be Suppressed.**

The cell phone in question was seized from inside Mr. Blank's vehicle, following his arrest. No warrant was obtained authorizing the seizure of the cell phone. Nor does any exception to the warrant requirement apply under these circumstances. Consequently, the seizure of the cell phone was unlawful. *See, e.g.*, *Katz v. United States*, 389 U.S. 347, 357 (1967) ("searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions") (footnote omitted).

---

[1] These other seized devices are the subject of a separate motion.

3

Although warrants were subsequently obtained by State and Federal law enforcement authorities to forensically search the contents of the cell phone, those warrants were the product of the unlawful warrantless seizure of the phone.  All evidence obtained from the cell phone should therefore be suppressed.  *See, e.g.*, *United States v. Hill*, 776 F.3d 243, 250 (4th Cir. 2015) ("The exclusionary rule generally renders inadmissible evidence recovered during an unlawful search.").

The government may argue that the "independent source" doctrine saves from exclusion the fruits of cell phone search.  However, this doctrine applies only "when a 'search pursuant to [a] warrant was in fact a genuinely independent source of the information and tangible evidence' that would otherwise be subject to exclusion because they were found during an earlier unlawful search." *Hill*, 776 F.3d at 251 (quoting *Murray v. United States*, 487 U.S. 533, 542 (1988)).  "To find the search with a warrant 'genuinely independent,' the unlawful search must not have affected (1) the officer's 'decision to seek the warrant' or (2) the magistrate judge's 'decision to issue [it].'" *Id.* (quoting *Murray*, 487 U.S. at 442).

In this case, there can be no doubt that the initial, unlawful seizure of the cell phone was integral to the officers' decisions to seek the search warrants, as well as the authorizing courts' decisions to issue the warrants.  But for the unlawful seizure of the cell phone, there would have been no reason to seek or to issue a warrant to search its contents.[2]  Because the issuance of both the State and Federal Search Warrants in this case was "prompted by" the unlawful seizure, the independent source doctrine is not applicable, and the evidence obtained from the cell phone should be suppressed.  *See id.* at 252.

---

[2] *See* Federal Search Warrant Application (Exhibit A), at ¶¶ 2(a), 3; State Search Warrant Application (Exhibit B), at 1.  These exhibits are filed under seal, as they contain the name of the alleged minor victim.

4

II.   **All Evidence Obtained From The Cell Phone Is Derivative Of Unlawful Surreptitious Recording And Should Be Suppressed For That Separate Reason.**

      All evidence obtained from the seized cell phone should be suppressed for the separate reason that the evidence was obtained as a result of audio and video surveillance conducted in clear violation of state law.  To establish probable cause for a forensic search of the cell phone, both the State and Federal Search Warrants rely heavily on the audio/video recording, surreptitiously made by Mrs. Blank, that allegedly depicts Mr. Blank engaged in sexual activity with Jane Doe.  This recording was obtained in violation of state statutes pertaining to wiretapping and video recording.  As a result, the State and Federal Search Warrants are invalid and the evidence obtained therefrom should be suppressed.

      A.   **The Recording Violated the Wiretapping Law.**

      Mrs. Blank's surreptitious recording of the alleged sexual encounter between Mr. Blank and Jane Doe – which contains both video and audio components – was obtained in violation of state wiretapping law.  Section 10-401 of the Maryland Code, Courts and Judicial Proceedings, provides, in pertinent part, that "it is unlawful for any person" to "[w]illfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  *Id.* § 10-402(a)(1).  Violations of this provision carry both criminal and civil penalties and "make[] the product of the unlawful interception inadmissible in evidence against the victim of the interception."  *Deibler v. Maryland*, 365 Md. 185, 192 (2001) (citing Md. Code § 10-405).

      In *Deibler*, the wiretap law was held to prohibit placing a hidden camera, with video and audio capabilities, inside a private residence.  *See id.* at 199-200.  The Court of Appeals made

clear that the law is violated as long as the device is intentionally employed; the willfulness standard does not require knowledge that the conduct is unlawful.  *See id.*

In *Perry v. Maryland*, 357 Md. 37 (1999), the Court of Appeals addressed a post-conviction attack on a murder conviction.   The court held that a telephone conversation, surreptitiously recorded by a codefendant in violation of the state wiretapping law, was erroneously admitted into evidence at trial.  The court further held that trial counsel's failure to object to the admission of this evidence was ineffective assistance of counsel.  On this basis, the court reversed the conviction and remanded for a new trial.  *See id.* at 87.

As *Deibler* and *Perry* make clear, Mrs. Blank's use of a hidden audio/video camera to surreptitiously record her husband and Jane Doe was a violation of Maryland's wiretapping law.  Under Maryland law, the illegally obtained recordings cannot be used as evidence against Mr. Blank.  This includes using the illegal recordings to obtain a search warrant for Mr. Blank's person or property.  As discussed below, the search warrants in this case relied heavily on the illegal recordings and are therefore invalid.

### B.   The Recording Violated Camera and Visual-Surveillance Laws.

Mrs. Blank's surreptitious recording of her husband and Jane Doe also violated state laws pertaining to the use of cameras and visual surveillance.  Maryland law contains several separate provisions that address this type of activity.

- Section 3-903 of the Maryland Code, Criminal Law provides that "[a] person may not place or procure another to place a camera on real property where a private residence is located to conduct deliberate surreptitious observation of an individual inside the

private residence." *Id.* § 3-903(c).  Violations of this provision carry criminal and civil penalties.  *Id.* § 3-903(d), (g).

- Section 3-901 of the Maryland Code, Criminal Law provides that "[a] person may not conduct or procure another to conduct visual surveillance of an individual in a private place without the consent of that individual."  *Id.* § 3-901(c).  Violations of this provision carry criminal and civil penalties.  *Id.* §§ 3-901(d), (f).

- Section 3-902 provides that a person may not "with prurient intent" conduct visual surveillance of another individual "in a private place without the consent of that individual" or of "the private area of an individual by use of a camera without the consent of the individual" when the individual has a reasonable expectation of privacy.  *Id.* § 3-902(c).  Violations of this section carry criminal and civil penalties. *Id.* §§ 3-902(d), (e).

Mrs. Blank's use of a hidden camera to surreptitiously record her husband and Jane Doe violated Maryland law pertaining to the use of cameras and visual surveillance.  This is another reason that the government could not lawfully rely on Mrs. Blank's recording to obtain a search warrant.

**C.     The Unlawfully Obtained Audio/Video Recording Was Integral to the State and Federal Search Warrants.**

Notwithstanding that the recording was obtained in violation of multiple Maryland statutes, both state and federal law enforcement officers relied heavily on the recording to obtain search warrants for Mr. Blank's cell phone.

The State Search Warrant Affidavit states that Mrs. Blank brought Jane Doe to the police barrack "and reported that she had surreptitiously video recorded her husband having sex with her daughter." Ex. B, at 2. A detective "viewed the video and observed" Jane Doe engaged in sex acts with a male. *Id.* at 3. As a result, police interviewed Jane Doe, who confirmed that the video depicted her having sex with Mr. Blank. *Id.* Another detective, viewing the recording, identified Mr. Blank as the male engaged in sex acts with Jane Doe, and further observed that the tape appeared to show Mr. Blank "tak[ing] several photographs of [Jane Doe] during a sex act." *Id.* at 5. On the basis of this and other information, the State Search Warrant, authorizing a forensic search of the seized cell phone, was issued.

The Federal Search Warrant Affidavit similarly relies on the audio/video recording to establish probable cause. The affidavit states that Mrs. Blank surreptitiously recorded Jane Doe engaged in sex acts with Mr. Blank. Ex. A, ¶ 11. Mrs. Blank brought the recording to police, who secured it as evidence. *Id.* ¶ 12. The affiant reviewed the recording and confirmed its contents. *Id.* Jane Doe was subsequently interviewed about the contents of the video and confirmed that she engaged in sexual activity with Mr. Blank and that he took photographs of her. *Id.* ¶ 13. The affidavit further notes that a "preliminary and initial search" of Mr. Blank's cell phone by state police "revealed two nude photos of Jane Doe," taken during the sexual encounter recorded by Mrs. Blank. *Id.* ¶ 17. On the basis of this and other information, the Federal Search Warrant was issued.

Both search warrant affidavits make clear that the search and seizure of evidence from Mr. Blank's cell phone was derivative of the unlawfully obtained audio/video recording, allegedly depicting Mr. Blank engaged in sexual activity with Jane Doe. As discussed above, a

8

search pursuant to a warrant is lawful, notwithstanding a prior unlawful search, if the "search pursuant to [the] warrant was in fact a genuinely independent source of the information and tangible evidence" that would otherwise be excluded as the result of a prior unlawful search. *Hill*, 776 F.3d at 251 (quoting *Murray*, 487 U.S. at 542).   In this case, the warrant cannot be deemed "genuinely independent" of the unlawfully obtained audio/video recording.  As reflected in the search warrant affidavits, the recording was a principal basis for the decisions of state and federal law enforcement officers "to seek the warrant[s]."  *Id.* (quoting *Murray*, 487 U.S. at 542). Undoubtedly, the recording was also a principal basis for the decisions of the state and federal courts "to issue" the warrants.  *Id.* (quoting *Murray*, 487 U.S. at 542).  Because the unlawfully seized evidence plainly affected those decisions, both the State and Federal Search Warrants are invalid, and all evidence seized pursuant to those warrants should be suppressed.

**III.**  **The Evidence Obtained From The Cell Phone Is Inadmissible Because It Cannot Be Authenticated.**

The evidence obtained from the seized cell phone should be excluded for the additional reason that the handling of the evidence casts doubt on its authenticity.  The discovery produced to date raises questions about the chain of custody of the audio/video recording, which was handled by multiple individuals and agencies, including Mrs. Blank, state and local law enforcement officers with C3I, and ultimately federal agents.  In addition, the discovery raises questions about the handling of the cell phone itself, which appears to have been separately searched by C3I agents and HSI agents.  For those reasons, the evidence should be excluded in accordance with Federal Rule of Evidence 901.

9

## CONCLUSION

On the grounds alleged herein, and any other grounds that become apparent at a hearing on this Motion, Mr. Blank respectfully requests that the Court issue an Order of Suppression as to any and all evidence obtained from the seized cell phone.

Respectfully Submitted,

JAMES WYDA
Federal Public Defender
  for the District of Maryland

_____/s/_____
ELIZABETH G. OYER #95458
Assistant Federal Public Defender
JOSEPH A. BALTER #04496
Deputy Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD  21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: Liz_Oyer@fd.org
        Joseph_Balter@fd.org

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on this motion.

_____/s/_____
ELIZABETH G. OYER
Assistant Federal Public Defender

10