IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. WDQ-14-0448 |
| RICHARD A. BLANK, JR. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS CELL PHONE EVIDENCE

Defendant Richard Blank, by and through his undersigned counsel, respectfully submits this reply memorandum in support of his Motion to Suppress Cell Phone Evidence (Dkt. No. 34). The government's response does little to refute the presumption that the warrantless search of Mr. Blank's vehicle and resulting seizure of his cell phone were unreasonable. The government has articulated no facts that support the application of any exception to the warrant requirement. Moreover, the government misconstrues the relevant Supreme Court and Fourth Circuit precedent defining the scope and application of these exceptions. In addition, the government fails to refute our argument that police relied on an illegally obtained audio-video recording to gain authorization to search Mr. Blank's cell phone. For all of these reasons, any and all evidence obtained from the vehicle and from the cell phone should be suppressed.

**I.     The Warrantless Search Of Mr. Blank's Vehicle Was Unlawful.**

The government concedes that state law enforcement officers searched Mr. Blank's vehicle and seized his cell phone therefrom without a warrant. According to the government, the warrantless search and seizure were justified because (1) the search was conducted incident to Mr. Blank's arrest, (2) exigent circumstances existed, (3) the "independent source" doctrine applies. For the reasons below, each of the government's arguments fails.

      **A.**    **The Government Has Failed To Establish That The Search Of The Vehicle Was Conducted Incident To Arrest Or That Exigent Circumstances Existed.**

      The government begins by asserting that the search of Mr. Blank's vehicle, and subsequent seizure of his cell phone therefrom, was a lawful search incident to arrest. The government's brief is devoid of factual allegations supporting this assertion. On the contrary, the government's sparse factual recitals compel the conclusion that the search was <u>not</u> lawfully conducted incident to Mr. Blank's arrest.

      The exception to the warrant requirement for searches incident to a lawful arrest "derives from interests in officer safety and evidence preservation." *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Accordingly, the exception authorizes warrantless searches only of "the arrestee's person and the area within his immediate control." *Id.* (citation and internal quotation marks omitted). "If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Id.*

      In the vehicle context, the Supreme Court held in *Gant* that police are authorized "to search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Id.* at 343. In addition, "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* (citation and internal quotation marks omitted).

      In this case, the government has not alleged that Mr. Blank was unsecured or within reaching distance of the passenger compartment at the time his vehicle was searched. Nor has the government demonstrated that police reasonably believed that evidence of the crime for which Mr. Blank was arrested – sexual abuse of a minor – would be found inside his vehicle.

The government asserts that officers had a basis to believe that incriminating evidence would be found on Mr. Blank's cell phone; we dispute that this was true at the time of arrest. But even if it were, it is beside the point. The question under *Gant* is whether police had a reasonable basis to believe that evidence of the crime of arrest would be found "<u>in the vehicle</u>" – not on the phone. The government has made no argument that police had any basis to believe that such evidence would be found in Mr. Blank's vehicle. To the contrary, the government's brief acknowledges that all of the alleged offense conduct occurred in the Blank residence, which police searched pursuant to a warrant. Thus, as in *Gant*, the warrantless vehicle search was unreasonable.

The unreasonableness of the search is underscored by the narrow rationales for the incident-to-arrest exception: officer safety and evidence preservation. A search of Mr. Blank's vehicle was not needed to ensure the safety of the arresting officers. Mr. Blank was not believed to be armed or violent and, moreover, he had already been secured by police at the time of the search. Nor was the search justified by legitimate concerns about evidence preservation. According to the government's own brief, the vehicle was secured by police officers – who possessed the keys – in Mr. Blank's driveway. The government's assertion that the phone was removed from the vehicle "to prevent the destruction of evidence" (Gov't Br. 5) is wholly unpersuasive. With the keys to the vehicle in police custody, and Mr. Blank under arrest, there was no remotely reasonable possibility that the contents of the vehicle were at risk of loss or destruction. Moreover, prior to conducting the unlawful search, police had no reasonable basis to believe that the vehicle even contained items of evidentiary value. Thus, the warrantless search was unreasonable.

The government cites the Supreme Court's recent decision in *Riley v. California* in support of its argument that exigent circumstances justified the warrantless search of Mr. Blank's

vehicle and seizure of his cell phone. This citation, again, wholly misses the mark. Moreover, to the extent it is relevant, *Riley* runs counter to the government's argument. To begin, *Riley* acknowledges that police may be authorized to seize and secure an arrestee's cell phone <u>when it is seized from the arrestee's person</u>, as in *Riley* and *Wurie*; the case has nothing to say about the relevant question of when a warrantless search of a <u>vehicle</u> is justified as a search incident to arrest. Moreover, *Riley* notes only that a phone may be seized and secured when there is a "risk that the arrestee himself will be able to delete incriminating data from the phone." 134 S. Ct. 2473, 2486 (2014). It is indisputable, in this case, that Mr. Blank was in no position to delete data from his phone, having been placed under arrest with his phone left behind in the vehicle.

> **B.     The Search-Incident-To-Arrest Exception Is Inapplicable Because Mr. Blank's Arrest Was Unlawful.**

The government's proffered justification for the warrantless vehicle search fails for the entirely separate reason that Mr. Blank's arrest was in violation of the laws of the arresting jurisdiction. "The most basic principle of search incident to arrest law is that a warrantless search is justified only if the arrest is lawful." *United States v. Watson*, 783 F. Supp. 258, 264 (E.D. Va. 1992) (citing *Draper v. United States*, 358 U.S. 307 (1959)). In this case, Mr. Blank was arrested by Maryland authorities in violation of Maryland law.

As the government acknowledges in its brief, Mr. Blank was arrested by a joint state and local law enforcement task force, after officers viewed a video and audio recording surreptitiously made by Mr. Blank's wife, allegedly depicting him engaged in sexual activity with Mrs. Blank's teenage daughter. *See* Gov't Br. 2. He was held on state charges for several months, before the decision was made to prosecute him federally. As we explain in detail in our opening brief, the surreptitious recording that formed the basis for Mr. Blank's arrest was produced in clear violation of multiple Maryland laws governing wiretapping and video

4

surveillance.  *See* Opening Br. 5-7.  The government <u>does not dispute</u> that the recording was unlawfully produced, or that it is properly subject to suppression under Maryland law.  *See id.* at 5 (citing Md. Code, Courts & Judicial Proceedings § 10-405; *Deibler v. Maryland*, 365 Md. 185, 192 (2001)).

In sum, Mr. Blank's arrest by Maryland authorities was – undisputedly – the product of unlawfully obtained evidence.  Accordingly, the arrest was invalid, and the search-incident-to-arrest exception is inapplicable.  The fruits of the unlawful search of Mr. Blank's vehicle should therefore be suppressed.  *See, e.g.*, *Watson*, 783 F. Supp. at 264 (suppressing evidence seized from defendant's person incident to arrest, where probable cause for arrest was based on prior unlawful search and seizure).

        **C.**    **The Independent Source Doctrine Does Not Apply.**

The government asserts that even if the warrantless search of Mr. Blank's vehicle was unlawful, the independent source doctrine applies because the "officers in this case would have sought a warrant even if they had not conducted an unlawful search."  Gov't Br. 7.  The government reasons that since the police had viewed video and heard testimony that Mr. Blank had photographed Jane Doe with his phone, the police inevitably would have sought a warrant for the phone.  That line of reasoning fundamentally misconstrues the independent source doctrine.

The independent doctrine "applies when a 'search pursuant to [a] warrant was in fact a genuinely independent source of the information and tangible evidence' that would otherwise be subject to exclusion because they were found during an earlier unlawful search."  *United States v. Hill*, 776 F.3d 243, 251 (4th Cir. 2015) (quoting *Murray v. United States*, 487 U.S. 533, 542 (1988)). "To find the search with a warrant 'genuinely independent,' the unlawful search must

not have affected (1) the officer's 'decision to seek the warrant' or (2) the magistrate judge's 'decision to issue [it].'" *Id.* (quoting *Murray*, 487 U.S. at 542).

The issue here is not whether the police had an independent basis to obtain a warrant search Mr. Blank's <u>cell phone</u>, but rather whether they had an independent basis to obtain a warrant to search <u>his vehicle</u>. In this case, the police <u>never</u> obtained a warrant to search Mr. Blank's vehicle. Accordingly, the Court need not even reach the question of whether there was a "genuinely independent source of information" for the warrant. Put differently, the "independent source" inquiry would be triggered only if police located Mr. Blank's phone in the vehicle during an initial warrantless search, and later <u>came back with a warrant</u> and seized the phone pursuant to that warrant. Because a warrant was never obtained for Mr. Blank's vehicle, the independent source doctrine has no application here.

## II.     The Forensic Search Of Mr. Blank's Cell Phone Was Unlawful.

The forensic search of Mr. Blank's cell phone – which followed the warrantless seizure of the phone from his vehicle – was unlawful for the wholly separate reason that it was derivative of the illegal audio-video recording made by Mr. Blank's wife. On this point, the government disagrees only narrowly with our argument. We respectfully submit that the point of disagreement is without merit.

Notably, the government does not dispute that the audio-video recording in question – which allegedly depicts a sexual encounter between Mr. Blank and Jane Doe – was surreptitiously made by Mrs. Blank, in violation of multiple Maryland statutes. Nor does the government dispute that Maryland's wiretapping law renders that recording inadmissible against Mr. Blank in Maryland State proceedings. *See* Opening Br. 5 (citing *Deibler v. Maryland*, 365 Md. 185, 192 (2001)). The government also concedes that both State and Federal law

enforcement authorities relied heavily on this illegally obtained and inadmissible recording in obtaining search warrants for the contents of Mr. Blank's cell phone.

The government's only argument is that the Fourth Amendment is not implicated, because Mrs. Blank was not a state actor when she made the recording. This is an evidentiary question, which will be subject to proof at motions hearing. The defense anticipates that the testimony of Mrs. Blank as well as state law enforcement officers will bear upon this issue.

Moreover, we submit that suppression is warranted regardless of whether Mrs. Blank was acting as an agent of the state. Maryland law creates an express right for individuals such as Mr. Blank to be free from the intrusion of such surreptitious recordings, and it expressly provides that suppression is an appropriate remedy. Maryland law enforcement officers – and later federal officers – relied at their own peril on the unlawfully obtained recording in seeking and obtaining search warrants for the contents of Mr. Blank's phone. Because the unlawful recording was undisputedly integral to the finding of probable cause, the search warrants were invalid and the fruits of the searches by both state and federal agents should be suppressed.

## CONCLUSION

For the foregoing reasons, the reasons set forth in our opening brief, and any other grounds that become apparent at a hearing on this Motion, the Court should issue an Order of Suppression as to any and all evidence obtained directly or indirectly from the warrantless search of Mr. Blank's vehicle or from the unlawful search of his cell phone.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
  for the District of Maryland

/S/
_____
JOSEPH A. BALTER #04496
Deputy Federal Public Defender

ELIZABETH G. OYER #95458
Assistant Federal Public Defender

Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-0872
Email: joseph_balter@fd.org
        liz_oyer@fd.org