IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA              *

v.                                    *   CRIMINAL NO.: WDQ-14-0448

RICHARD ALAN BLANK                    *

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Richard Alan Blank is charged with two counts of production of child pornography[1] and possession of child pornography.[2] ECF No. 4. On June 30, 2015, the Court issued a memorandum opinion about the rulings made at the June 29, 2015 motions hearing. ECF No. 111. On July 1, 2015, the Government submitted this additional proposed jury instruction:

Counts One & Two--Insufficient Defenses

I instruct you that, as a matter of law, any possible consent by Jane Doe is not a permissible defense to any of the three charges.

I further instruct you that, as a matter of law, even if it were Jane Doe's idea to start taking the photographs, that is also not a permissible defense to any of the charges.

To support its contention that Jane Doe's initiation of the photographs is not a permissible defense, the Government cited the Court's June 30, 2015 memorandum opinion. This proposed

---

[1] 18 U.S.C. § 2251(a).

[2] 18 U.S.C. § 2252A(a)(5)(B).

instruction has led the Court to believe that clarification of the memorandum opinion is needed.

In *Ortiz-Graulau v. United States*, 756 F.3d 12 (1st Cir. 2014) ("Ortiz II"), the First Circuit determined that the minor victim's proffered testimony about "the relationship between Ortiz and SMN" and the circumstances of the production of the sexually explicit photographs did not "support a lawful defense to whether Ortiz 'used' SMN within the meaning of the production statute, § 2251(a)."[3]  The First Circuit refuted the argument that the victim's excluded testimony would have shown that she had not been "coerced."  The First Circuit did not address the relevance of the minor's testimony to the defendant's "purpose" in creating the visual depiction.[4]

This Court relied on *Ortiz II* in its memorandum opinion to reject the defense's argument that § 2251(a) required coercion, and that Jane Doe's sexual history was required to show a lack of coercion.  When the Court stated that her initiation of the

---

[3] The minor witness would have testified that she and the defendant had a loving relationship, it was her idea to initiate the photographs, and the photos were taken "for no particular purpose."  *Ortiz II*, 756 F.3d at 15-16.

[4] In *United States v. Ortiz-Graulau*, 526 F.3d 16, 20 (1st Cir. 2008) ("Ortiz I"), the First Circuit had determined that there was sufficient evidence of the defendant's purpose.  The First Circuit subsequently said that the proffered testimony would not have altered the verdict.  *See Ortiz II*, 756 F.3d at 18-19.

2

photographs "did not support a lawful defense to § 2251(a)," the Court was addressing the definition of "use" as explained in *Ortiz*, and explaining that the minor's initiation of the photographs cannot *negate* the defendant's use of Jane Doe. The Court permitted evidence that Jane Doe initiated the photographs as proof that taking the photographs was incidental to the sexual encounter and not a motivating factor for the defendant's conduct. The Court, in Footnote 21, permitted defense counsel to "ask Jane Doe on cross examination who had the initial idea to take the photos" so long as counsel did not "delv[e] into her prior sexual history in violation of Rule 412." Throughout the trial, the Court permitted the defense to elicit evidence about who initiated the photographs and whether a purpose of the defendant's sexual conduct was the production of child pornography.

\_\_7/2/15_____  _____
Date                        William D. Quarles, Jr.
                            United States District Judge