IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                            CRIMINAL NO.: WDQ-14-0448

RICHARD ALAN BLANK

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

On July 2, 2015, a jury found Richard Alan Blank guilty of two counts of production of child pornography[1] and one count of possession of child pornography.[2] ECF No. 125. The Court sentenced Blank on November 30, 2015. On December 1, 2015, the government sent Chambers a proposed order pursuant to 42 U.S.C. § 14011 to have Blank tested for AIDs.

The government's proposed order requires Blank to "be tested for the presence of the etiologic agent for the acquired immune deficiency syndrome" within 30 days of the date of the order. The government has requested that the results of the test "be released to the defendant and the victim," as well as "to the attorneys for the government and defendants, and to U.S. Probation."

---

[1] 18 U.S.C. § 2251(a).

[2] 18 U.S.C. § 2252A(a)(5)(B).

The government moved for testing under 42 U.S.C. § 14011, a subsection of the Violence Against Women Act.[3] Subsection (b) of the statute permits "[l]imited testing of defendants" by court order "following sexual assaults that pose a risk of transmission . . . of sexually transmitted diseases to the victim as the result of the assault." 42 U.S.C. 14011(b); Pub. L. No. 103-322, § 40503(b)(1).[4] Therefore,

> [t]he victim of an offense . . . may obtain an order in the district court of the United States for the district in which charges are brought against the defendant charged with the offense, *after notice to the defendant and an opportunity to be heard*, requiring that the defendant be tested for the presence of the etiologic agent for acquired immune deficiency syndrome, and that the results of the test be communicated to the victim and the defendant. Any test result of the defendant given to the victim or the defendant must be accompanied by appropriate counseling.

§ 14011(b)(1) (emphasis added). The statute also lists the "showing required" for a court to order testing, including (1) "the defendant has been charged with the offense in a State or

---

[3] *See* Pub. L. No. 103-322, § 40503(a), (b), 108 Stat. 1796, 1945-50 (codified in part at 42 U.S.C. §§ 10607(c), 14011 (1995).

[4] The codified version of § 14011(b) actually states that testing is available for "offense[s] of the type referred to in subsection (a) of this section;" however, subsection (a) only says "omitted." In *United States v. Ward*, 131 F.3d 335, 339-40 (3d Cir. 1997), the Third Circuit determined that omitting subsection (a) was an error on the part of the codifiers and that the Statutes-at-Large amendments of the Violence Against Women Act controlled. Thus, the "offense" referred to in § 14011(b)(1) was defined in Pub. L. No. 103-322, § 40503(b)(1). *See id.*

Federal court . . .;" (2) "the test for the etiologic agent for acquired immune deficiency syndrome is requested by the victim after appropriate counseling;" and (3) "the test would provide information necessary for the health of the victim of the alleged offense and the court determines that the alleged conduct of the defendant created a risk of transmission, as determined by the Centers for Disease Control, of the etiologic agent for acquired immune deficiency syndrome to the victim." § 14011(b)(2). Further, "any test ordered under this subsection shall be disclosed only to the victim or, where the court deems appropriate, to the parent or legal guardian of the victim, and to the person tested." § 14011(b)(5).

In *United States v. Ward*, 131 F.3d 335, 339-42 (3d Cir. 1997), the Third Circuit emphasized the limited nature of test under this section, reversing a district court order because the court did not make the mandatory findings under that statute.

> [U]nder the Act, a blood test is permissible only in certain limited circumstances: when the subject of the search is charged with a sexual assault that poses a risk of transmitting HIV, there has been a probable cause determination that the subject of the search committed the assault, the victim requested the test, and the test would provide information necessary for the victim's health. Second, the test is only permitted if the subject of the test receives notice that the victim has requested the test and is given an opportunity to contest the entry of the court's order. Finally, the test results must be kept confidential. They may be disclosed only to the victim, and, with the court's permission, to the defendant and the victim's medical professional or counselor, family

member, or post-assault sexual partners, and may not be used in any criminal trial against the defendant. The court is required to seal the test results and the related court proceedings and may exercise its contempt power to punish those who violate the Act's confidentiality requirements.

*Id.* (citations omitted).

In this case, the government's proposed order requires the test results "be released to the attorneys for the government and defendant, and to U.S. Probation . . . ." This request clearly violates the confidentiality provision of the statute, which permits disclosure only to Jane Doe, her guardian, and Blank. *See also States in Interest of J.G.*, 701 A.2d 1260, 1271 (N.J. 1997) (comparing state statute to federal statute).

Moreover, the government has failed to make the required showings mandated by the statute. For example, that Jane Doe, and not the government or another person, requested the testing. *See Wade*, 131 F.3d at 340-41 (testing is only permitted after "a probable cause determination that . . . the victim requested the test"); *see also J.G.*, 701 A.2d at 1271 ("Testing of the assailant is required only when a victim—not a victim's family, or counselor, or anyone else—decides that knowing the HIV status of the assailant is beneficial and requests the test.").[5]

---

[5] There must have also have been evidence supporting probable cause that "the test would provide information necessary for the health of the victim of the alleged offense and the court determines that the alleged conduct of the defendant created a risk of transmission, as determined by the Centers for Disease

Finally, such an order is only permitted if the defendnat was given notice and an opportunity to be heard. 42 U.S.C. § 14011(b)(1).

Even if the government had made the showings required under the statute, the Court is not required to order testing. *See* § 14011 ("The victim of an offense of the type referred to in subsection (a) of this section *may* obtain an order . . . .") (emphasis added). The sexual acts in this case occurred several years ago, and the government has presented no reason to suspect the transmission of HIV or AIDs. Thus, mandating testing at this time does not appear to be a necessary precaution to protect Jane Doe's health.

Accordingly, the Court will not order testing under 42 U.S.C. § 14011.

_12/1/15_  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge

---

Control, of the etiologic agent for acquired immune deficiency syndrome to the victim." 42 U.S.C. § 14011(b)(2)(C).

5